



# MEMORANDUM OPINION

No. 04-12-00277-CV

**In re Green Tree Servicing, LLC as Successor Servicer for BAHS –
A Division of Bank of America, FSB**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  May 16, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On May 4, 2012, Relator Green Tree Servicing, LLC as Successor Servicer for BAHS - A Division of Bank of America, FSB, filed a petition for writ of mandamus complaining that the trial court erred in denying a motion to compel arbitration. Mandamus, however, will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Texas Civil Practice and Remedies Code section 51.016 permits interlocutory appeals "to the court of appeals from the judgment or interlocutory order of a district court . . . under the same circumstances that an

---

[1] This proceeding arises out of Cause No. 10-08-49259, styled *Green Tree Servicing, LLC as Successor Servicer for BAHS - A Division of Bank of America, FSB v. Gloria T. Zarate and Rene Zarate, Jr.*, pending in the 79th Judicial District Court, Jim Wells County, Texas, the Honorable Richard C. Terrell presiding.

appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." TEX. CIV. PRAC. & REM CODE ANN. § 51.016; *CMH Homes v. Perez*, 340 S.W.3d 444, 448-49 (Tex. 2011) (explaining that section 51.016 provides for interlocutory appeals in Federal Arbitration Act cases so long as "it would be permitted under the same circumstances in federal court under section 16."). We, therefore, conclude Relator failed to establish he lacks an adequate remedy by appeal. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM